UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DAVID KOELLER, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 1:14CV00095 SNLJ |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This case is a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by David Koeller, a person in federal custody. He alleges that his classification as an Armed Career Criminal was improper. His argument is that the decision issued in *Descamps v. United States*, --U.S.--, 133 S.Ct. 2276 (2013), altered the way his felony convictions for Missouri Second Degree Burglary should be analyzed to determine whether they are violent felonies pursuant to 18 U.S.C. § 924(e). The motion is fully briefed and ripe for disposition.

**Procedural History.**

Koeller was indicted on September 3, 2009, on one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Koeller was arrested on the charge and made his initial appearance pursuant to a writ on September 10, 2009. At his arraignment, Koeller pled not guilty to the offense. On February 19, 2010, Koeller entered a guilty plea before this Court. During that plea, Koeller admitted that he had been convicted of the following three crimes:

(1) On November 29, 2004, in the Circuit Court of Cape Girardeau County, Missouri, in Case Number 04G9-CR01668, for the felony of Second Degree Burglary;

(2) On November 29, 2004, in the Circuit Court of Cape Girardeau County, Missouri, in Case Number 04G9-CR01385, for the felony of Second Degree Burglary; and

(3) On November 29, 2004, in the Circuit Court of Cape Girardeau County, Missouri, in Case Number 02CR737312, for the felony of Second Degree Burglary.

Koeller also admitted that, on July 8, 2009, he was in possession of a handgun that was manufactured in a location other than the State of Missouri and that the handgun affected interstate commerce. This court set a sentencing hearing for May 14, 2010.

After Koeller's guilty plea, a Presentence Investigation Report (P.S.R.) was prepared by United States Probation Officer Sherry A. Persinger-Miller. That report recommended that Koeller be classified as an Armed Career Criminal pursuant to U.S.S.G., § 4B1.4 and 18 U.S.C. 924(e). Koeller's Total Offense Level was set at 30, due to this classification. His minimum term of imprisonment was 180 months, again pursuant to the statute.

The sentencing hearing was held on May 14, 2010. Koeller was sentenced to a term of imprisonment of 180 months, followed by three years of supervised release. Koeller was also ordered to pay a special assessment of $100.00.

On May 26, 2010, the Government filed a motion in Koeller's case, seeking a downward departure. That motion was granted on June 9, 2010. Koeller was re-sentenced to a term of imprisonment of 120 months. Koeller did not appeal his conviction or sentence.

**Need For Evidentiary Hearing And Burden Of Proof.**

28 U.S.C. § 2255 provides in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is

conclusively refuted as to the alleged facts by the files and the records of the case. *Id.* at 225-6. *See also, United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995) and *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v.Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

**Koeller's Claim and Argument.**

Koeller was convicted in three separate cases of the felony of Second Degree Burglary. Koeller admits his convictions, but claims that new case law dictates that his burglary convictions are no longer violent felonies.

In order to be properly classified as an Armed Career Criminal for purposes of 18 U.S.C. § 924(e), a defendant must have three prior violent felony convictions. The Armed Career Criminal Act applies to defendants who are convicted of being a felon in possession of a firearm after three prior convictions for a violent felony. *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014); 18 U.S.C. §924(e). A violent felony is a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another (commonly referred to as the 'use of force' clause); or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves

conduct that presents a serious potential risk of physical injury to another (commonly referred to as the 'otherwise' clause). *Tucker*, 740 F.3d at 1179; 18 U.S.C. §924(e)(2)(B).

To determine whether a past conviction qualifies as a violent felony, courts apply the "categorical approach" under which they look only to the fact of conviction and the statutory definition of the prior offense. *Tucker*, 740 F.3d at 1179, *citing Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143 (1990). However, where a statute of conviction sets out one or more elements of the offense in the alternative, the statute is considered "divisible" for Armed Criminal Career Act purposes. *Tucker*, 740 F.3d at 1179, *citing Descamps v. United States*, 570 U.S. --, 133 S.Ct. 2276, 2281 (2013). If one alternative in a divisible statute qualifies as a violent felony, but another does not, courts apply the "modified categorical approach" to determine under which portion of the statute the defendant was convicted. *Tucker*, 740 F.3d at 1179-80. The modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. *Tucker*, 740 F.3d at 1180.

Sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements. *United States v. Bankhead*, No. 12-4009, 2014 WL 539754, *2 (8th Cir. Feb. 12, 2014), *citing Descamps*, 133 S.Ct. at 2282. In the case of indivisible statutes, the district court may not use the modified categorical approach or consider the relevant documents (indictments, plea agreements, jury instructions, etc.) under *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254 (2005).

The initial question to resolve, after *Descamps*, is whether the defendant's statute of conviction for his prior conviction is divisible or nondivisible. Koeller's argument is that Missouri's statutes defining Second Degree Burglary are nondivisible, and therefore, under *Descamps*, may not be considered as violent felony predicates. Koeller's argument is without merit.

The Eighth Circuit Court of Appeals has resolved this issue in *United States v. Olsson*, 742 F.3d 855 (8th Cir. 2014). In that case, Olsson raised exactly the same issue as Koeller, that his former Missouri felony conviction for Second Degree Burglary should not be classified as a violent felony as that term is defined in 18 U.S.C. § 924(e) after the decision in *Descamps*. The *Olsson* court rejected that claim, finding that the basic elements of Missouri Second Degree Burglary are the same as those of generic burglary, which is the unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. *Ollson*, 742 F.3d at 856. Olsson was found to have been validly classified as an Armed Career Criminal based on his felony conviction for Missouri Second Degree Burglary.

Koeller's argument fails for the same reasons that Olsson's appeal failed. Missouri Second Degree Burglary is a violent felony. *Olsson* stands for the proposition that a felony conviction for Missouri Second Degree Burglary is still a violent felony, even after *Descamps*. Koeller was properly sentenced as an Armed Career Criminal.

**Koeller Cannot Collaterally Attack the Basis for His Former Convictions.**

Koeller claims, in his Petition, that his third conviction for Second Degree Burglary was actually an entry into a building where he was a custodian. He argues that his crime was some kind of breach of trust and should not be a violent felony.

Koeller's argument as to the nature of his prior conviction may not be considered by this Court. Defendants may not collaterally attack their prior convictions used for sentencing enhancements, except for the narrow situation where the defendant is claiming that his conviction was obtained in violation of his right to counsel. *See United States v. Levering*, 431 F.3d 289, 294 (8th Cir. 2005); *Custis v. United States*, 114 S.Ct. 1732, 1738-39 (1994). Koeller has not raised any issue as to whether he was represented by counsel at any of his former convictions and they may all be presumed to be valid for sentencing purposes.

## CONCLUSION

For the foregoing reasons, this Court denies Koeller's § 2255 petition, without a hearing, on the basis of the record which shows that there was no error in classifying Koeller as an Armed Career Criminal.

**SO ORDERED** this 26th day of August, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE